**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KELLI L. RUTHERFORD,

    Plaintiff,                                                      Case No. 3:22-cv-00602

v.

MEDICREDIT, INC.,

    Defendant.

_____/

**COMPLAINT**

**NOW COMES** KELLI L. RUTHERFORD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MEDICREDIT, INC., ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida, and a

substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who resides in the Jacksonville, Florida and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6. Defendant is a third-party debt collection in the business of collecting defaulted debt owed to others. Defendant's principle office is located at 111 Corporate Office Dr., Earth City, Missouri 63045.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this action, Plaintiff received medical services resulting in an outstanding balance ("subject debt").

8. Unfortunately, Plaintiff was unable to maintain timely payments for the subject debt and the account was later allegedly defaulted on.

9. Sometime thereafter, Defendant obtained the defaulted subject debt in their office for collection.

10. Sometime in the early year of 2021, Plaintiff began receiving telephone calls from Defendant to her number ending in 1247.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, processor, and operator of the cellular telephone ending in 1247.

12. Plaintiff's current cellular telephone plan is not unlimited and is charged by each minute she actively on a call or using data.

13. Sometime in the early year of 2021, after receiving multiple telephone calls placed by Defendant, Plaintiff answered requesting all calls cease as she needed to preserve her cell phone minutes.

14. Unfortunately, Plaintiff's requests fell on deaf ears and continued to receive unwanted calls placed by Defendant.

15. Moreover, Plaintiff is still receiving numerous of unwanted and unconsented calls placed by Defendant and has requested Defendant to cease calling her cellular phone on multiple occasions.

16. On or around March 30, 2022, Plaintiff spoke again with Defendant and requested once more that all calls cease.

17. Defendant has placed its collection calls from the number (800) 823-2318, but upon information and belief Defendant may be using other numbers too.

18. Concerned that her statutory rights were violated, Plaintiff searched for and retained counsel to vindicate her rights.

## DAMAGES

19. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls,

aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with her attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was allegedly in default. 15 U.S.C. §1692a(6).

26. The alleged subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

29. Defendant violated 15 U.S.C. §1692c(a)(1), d, d(5) and f through its unlawful debt collection practices.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

a.  **Violations of FDCPA §1692c**

30. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop calling her. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

31. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

32. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

## COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

b.  **Violations of FDCPA §1692d**

33. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

34. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

35. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically,

Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent.

### COUNT IV – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**c. Violations of FDCPA §1692f**

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on subject debt by continuously calling Plaintiff through harassing means. Defendant repeatedly placed numerous telephone calls, with such frequency as can be reasonably expected to harass.

37. Moreover, Defendant had been told by Plaintiff to stop calling her multiple times. Nevertheless, it persisted with its phone call campaign in contacting her, and knew that its conduct was inconvenient and harassing to Plaintiff.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debt through never-ending harassing phone calls to the phones of consumers in an attempt to collect on debt.

**WHEREFORE**, Plaintiff, KELLI L. RUTHERFORD, respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

**COUNT V – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

39. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

40. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

41. At all times relevant to this Complaint, Defendant was and is a "person" as said term in defined under Florida Statute §1.01(3) and is subject to the provisions of Florida Statute § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Florida Statute §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Florida Statute §559.51(1).

42. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute §559.55(6).

43. Defendant violated section §559.72(9) of the FCCPA through its unlawful conduct.

   **a. Violations of FCCPA § 559.72(7)**

44. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct, which can reasonably be expected to abuse or harass the debtor.

45. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant calls were not welcomed and asked Defendants to stop calling her on multiple occasions. Ignoring Plaintiff's requests, Defendant placed numerous calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff, KELLI L. RUTHERFORD, requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Aware Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff an equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Practices Act, Fla. Stat. §559.77; and

f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: May 31, 2022

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com